THE UNION BANK OF LOUISIANA *v.* JAMES ERWIN.

APPEAL from the District Court of the First District, *Buchanan*, J.

*H. R. Denis*, for the plaintiffs.

*J. P. Benjamin*, for the appellant.

MARTIN, J. The defendant is appellant from the dissolution of an injunction, which he had obtained, to stay proceedings on a claim of the Union Bank, on the ground that it ought to have been considered by the Board as a part of the *dead weight*, and as such renewable, on the defendant's application, under the 3d section of an act of the Legislature, approved on the 5th of February, 1842. The counsel for the Bank resisted the pretensions of the defendant on the grounds: 1st. That the claim was not one of those to which the part of the law invoked by the defendant is applicable, being a claim for the price of a plantation, purchased by the defendant, while the section referred to is applicable only to debts and demands on loans and discounts. 2dly. That the defendant had not entitled himself to a renewal, by complying with the requisites of the section of which he seeks to avail himself. The counsel for the Bank has, in his opening and reply, supported his first proposition with great force. His arguments were powerfully opposed by the adverse counsel, who was stopped by us, because we did not consider that the case called for our opinion on this proposition, as the view which we took of the other rendered it useless. It does not appear to us that the First Judge erred in concluding that the defendant had not complied with the requisitions of the act of Assembly. It appears that instead of doing so, he sought the indulgence of the Bank, on other terms, to wit, a delay until the coming in of his crop, or

the 25th of December following. This proposition the Board accepted, with a small modification, to wit, restraining the delay to the 1st of December. To this modification, the acquiescence of the defendant results from his payment of interest up to the day to which the Bank had restricted its indulgence, with the costs of the protest. On the failure of payment on that day, the defendant's note was put into the hands of the attorney for the Bank, and on being called on by that officer, the defendant applied to have his debt considered as a part of the *dead weight* of the Bank. It appears to us that the First Judge correctly concluded that he was too late.

*Judgment affirmed.*